UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| CASEY C. RAINES | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:15-0028 |
| | ] | Judge Trauger |
| JOHN FUSON, et al. | ] | |
| Defendants. | ] | |


**M E M O R A N D U M**


The plaintiff, proceeding *pro se,* is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against John Fuson, Sheriff of Montgomery County; and Douglas Tackett, a member of the Montgomery County Sheriff's Department; seeking injunctive relief.

The plaintiff questions conditions of his confinement. More specifically, he claims that he has been denied the kosher meals required by his religious beliefs. In addition, he alleges that (1) his legal mail has been improperly opened in his absence; (2) inmates are forced to shower in an open bay, in view of both male and female guards; (3) there are no tables or chairs in the cells and common areas; (4) inmates are denied haircuts; (5) guards refuse to copy legal work for inmates; (6) food trays are unsanitary; and (7) the commissary is too expensive.

*Pro se* pleadings are subject to liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim that the plaintiff has not spelled out in his complaint. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. <u>Lillard v. Shelby County Board of Education</u>, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. <u>Wells</u>, *supra*. The plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the plaintiff never mentions the defendants by name or by implication in his Statement of Facts. *See* Docket Entry No.1 at pg.5. Thus, the Court and the defendants are left to speculate as to what role each defendant played in the perceived violations. It is unclear whether the perceived violations were the result of official policy or were the product of the misconduct of certain individuals.[1]

Consequently, the plaintiff has failed to meet the basic pleading requirements for a complaint. As such, he has failed to state a claim against these defendants upon which relief can be

---

[1] It should be noted that the defendants are being sued in their officials capacities only.

granted.

When a prisoner plaintiff has failed to state a claim for relief, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge